IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CIVIL ACTION NO. 09-5154 |
|---|---|---|
| v. | : | |
| ERIC WILLIAMS | : | CRIMINAL ACTION NO. 05-37-01 |

**MEMORANDUM**

Padova, J.                                                                                                        April 26, 2010

Before the Court is Eric Williams's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. For the following reasons, we deny the Motion.

**I.      BACKGROUND**

The two-count Indictment in this case charged Williams with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and possession of ammunition by a convicted felon, also in violation of 18 U.S.C. § 922(g)(1). Williams was tried before a jury in February and March of 2006. Prior to trial, Williams entered into a written stipulation that he had a prior felony conviction. However, on the first day of trial, against the advice of his counsel, Williams withdrew that stipulation, restoring as one of the elements for the Government to prove that he had a prior felony conviction. (A. 32.) Consequently, the Government requested that the Court order Williams to submit to fingerprinting, explaining that it intended to prove that Williams had prior felony convictions by presenting the testimony of a fingerprint examiner that the newly-taken fingerprints matched those obtained at the time of Williams's arrests that resulted in such convictions. (A. 321.) The Court granted the Government's request and ordered Williams to submit to fingerprinting during the lunch recess. (A. 335.) Williams, however, refused to submit to the fingerprinting. (Id.)

Upon returning from the lunch recess and being told that Williams had not complied with the order, the Court expressed discomfort with forcing Williams to submit to fingerprinting and

began discussing alternative ways for the Government to establish Williams's identity as the individual who had been convicted of the prior felonies. (A. 340-41, 347, 358-59.) At the same time, the Court stated that it would not "let this case go out the window because the defendant refuses to have his fingerprints taken." (A. 349.) In the end, based on the Government's representation that the fingerprints were important to its establishing Williams's guilt beyond a reasonable doubt, and upon concluding that it had the power to order the fingerprints taken, the Court reaffirmed its order that Williams submit to fingerprinting. (A. 363-66.) Thereafter, the fingerprints were taken and the Government used them at trial to establish that Williams had been convicted of prior felonies. (See N.T. 3/2/06, at 134-36.) At the conclusion of the trial, the jury found Williams guilty of both counts of the Indictment.

On September 7, 2006, the District Court sentenced Williams to a 15-year term of imprisonment, five years of supervised release, a $2,500 fine, and a $200 special assessment. In calculating the sentence, the Court relied, in part, on a finding that Williams qualified as an armed career criminal pursuant to 18 U.S.C. § 924(e), because he had three prior convictions, two for violent crimes and one for a serious drug offense. Defense counsel argued that Williams's prior drug conviction should not qualify as a serious drug offense under the Armed Career Criminal Act, because Williams was charged with possession with intent to distribute both marijuana and cocaine, and his guilty plea may have only pertained to the marijuana, which alone would not qualify as a serious drug offense. (N.T. 9/7/06, at 5-7.) However, the Court rejected this argument, observing that the state court had imposed a one to ten-year sentence for the drug charge, which would only be permissible for a cocaine conviction (id. at 7), because the maximum statutory penalty for a marijuana offense (in the quantity charged) was just five years. 35 Pa. Cons. Stat. Ann. § 780-

113(a)(30), (f)(2).

Williams appealed to the United States Court of Appeals for the Third Circuit, arguing, among other things, that the District Court erred in enhancing his sentence under the Armed Career Criminal Act based upon a prior conviction for a "serious drug offense" that was not established in the sentencing record. The Third Circuit rejected Williams's claims and affirmed his conviction on January 17, 2007. See United States v. Williams, 290 F. App'x 475 (3d Cir. 2008). Williams filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on November 3, 2009, and he filed a Memorandum in Support of his Motion on February 18, 2010.

## II. LEGAL STANDARD

Williams has moved for relief pursuant to 28 U.S.C. § 2255, which provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). "Section 2255 does not provide habeas petitioners with a panacea for all alleged trial or sentencing errors." United States v. Rishell, Civ. A. Nos. 97-294-1, 01-486, 2002 WL 4638, at *1 (E.D. Pa. Dec. 21, 2001). In order to prevail on a Section 2255 motion, the movant's claimed errors of law must be constitutional, jurisdictional, "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428 (1962).

## III. DISCUSSION

In the instant Motion, Williams argues that his counsel was constitutionally ineffective for two reasons. First, he argues that his two trial attorneys were ineffective for failing to object to various aspects of the Court's handling of the fingerprinting issue. Second, he argues that both trial and appellate counsel were ineffective for failing to argue that one of the three prior state court convictions that gave rise to his status as an armed career criminal was not a "serious drug offense," which could be considered for statutory armed career criminal status. Both of these claims are meritless.

In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court held that criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance. Id. at 687. To prove constitutionally inadequate representation, a criminal defendant must demonstrate both that (1) his attorney's performance was deficient, i.e., that the performance was unreasonable under prevailing professional standards, and (2) that he was prejudiced by the attorney's performance. Id. Prejudice is proven if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

### A. Fingerprinting

Williams contends that counsel was ineffective for failing to object when the district court assisted the prosecution by (1) ordering that his fingerprints be taken; (2) advising the Government as to how it could prove that Williams was the subject of the prior felony convictions without obtaining his fingerprints; and (3) suggesting that Williams stipulate to a prior felony conviction as a means of avoiding fingerprinting. In Williams's view, his counsel should have argued that the

court's above actions violated his right to due process, because they made clear that the court was acting as an adversary – in support of the Government – rather than as a impartial tribunal. Williams further argues that his trial counsel had a "conflict of interest" with him, pointing out that his counsel expressed agreement with the District Court's approach to the fingerprinting issues, and even themselves suggested ways in which the Government could prove Defendant's guilt beyond a reasonable doubt without the fingerprints.[1] Finally, Williams takes the position that, absent the fingerprints, the Government would not have been able to prove its case against him and counsel should have moved to have the case dismissed under Federal Rule of Civil Procedure 29 on that basis.

All of these ineffectiveness arguments, however, ultimately rest on the presumption that Williams had a right to refuse to submit to fingerprinting, which his counsel should have protected. If he had no such right, then there was no impropriety in the court ordering the fingerprints taken. Likewise, if he had no such right, any suggestions by the court or defense counsel as to how the

---

[1]In this regard, Williams notes, among other things, that his counsel stated:

> I think the Government though could meet its burden, Your Honor, if they got one of the Philadelphia Police Officers who testified about the DC number which is the identifying number for every incident that happens and explain that the DC number match that on the fingerprint card for October 18, 2004, and that it's the same person as the person they identified in court, Eric Williams, with the same date of birth, and then they compared that card with the other four incidents.
>
> * * *
>
> I think certainly that's proof beyond a reasonable doubt.

(A. 352.)

5

Government could meet its burden without the fingerprints were nothing more than gratuitous efforts to assist Williams in avoiding a process that he wanted, but had no right, to avoid. Thus, the suggestions could not have prejudiced Williams in any way. As the following demonstrates, Williams did not have a right to refuse the fingerprinting, rendering his ineffectiveness claims regarding fingerprinting meritless.

"It has long been held that the compelled display of identifiable physical characteristics infringes no interest protected by the privilege against compulsory self-incrimination." United States v. Dionisio, 410 U.S. 1, 5-6 (1973). Indeed, the Fifth Amendment's "'prohibition of compelling a man in a criminal court to be a witness against himself is a prohibition of the use of physical or moral compulsion to extort communications from him, not an exclusion of his body as evidence when it may be material.'" Id. at 6 (quoting Holt v. United States, 218 U.S. 245, 252-53 (1910)). Thus, the Fifth Amendment provides "'a bar against compelling communications or testimony, but . . . compulsion which makes a suspect or accused the source of real or physical evidence does not violate it.'" Id. (quoting Schmerber v. California, 384 U.S. 757, 764 (1966) (internal quotations omitted)). Applying these well-established principles, it is plain that the mere "obtaining of fingerprints does not violate the privilege against self incrimination." Beightol v. Kunowski, 486 F.2d 293, 294 (3d Cir. 1973) (citing Dionisio, 410 U.S. 1); United States v. Whitfield, 378 F. Supp. 184, 187 (E.D. Pa. 1974) ("[T]he taking of fingerprints does not violate the privilege against self-incrimination . . . .").

Likewise, the Fourth Amendment's protection against unreasonable searches and seizures is not applicable here, because it only prohibits the taking of fingerprints from an individual who has been unlawfully detained. See Davis v. Mississippi, 394 U.S. 721, 724 (1969); Dionisio, 410 U.S.

6

at 8-15. A lawfully detained defendant has no Fourth Amendment protection against fingerprinting, in part because fingerprinting, by its very nature, "'involves none of the probing into an individual's private life and thoughts that marks an interrogation or search.'" Dionosio, 410 U.S. at 15 (quoting Davis, 394 U.S. at 727); Whitfield, 378 F. Supp. at 187 ("[T]he taking of fingerprints from a defendant while lawfully incarcerated does not violate the Fourth Amendment. The mere fact of lawful incarceration is a sufficient basis to permit the taking of prints." (citing Beightol, 486 F. 2d 293)). Here, Williams does not contend that he was unlawfully detained. Accordingly, he had no Fourth Amendment right to refuse fingerprinting, and he has suggested no other legal basis for such a right.

Given that Williams had no discernible right to refuse fingerprinting, it is plain that his trial attorneys were not ineffective in failing to lodge a meritless objection to the Court's order that he submit to fingerprinting. Moreover, to the extent that Williams argues that counsel were ineffective for failing to object to the court's suggestions of ways in which the Government could meet its burden of proof in the absence of the fingerprints, and for themselves suggesting similar strategies, see n.1 supra, Williams's claims also clearly fail, because his fingerprints were taken. As a result, any suggested strategies were not utilized, nor could they have impacted the outcome of the trial, such that Williams was actually prejudiced by their existence. In the end, Williams simply has not pointed to any deficient conduct by his counsel in connection with the fingerprinting, much less deficient conduct that actually prejudiced him. Williams's § 2255 Motion is therefore denied insofar as it rests on his counsel's alleged ineffectiveness regarding the fingerprinting issues.

**B.    Sentencing**

Williams next argues that his trial and appellate counsel were ineffective in failing to argue

at sentencing and on appeal that one of his three prior state court convictions, for possession of a controlled substance with intent to distribute, was not a conviction for a "serious drug offense" that could provide a basis for an imposition of a sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e). As a general rule, a defendant may not use a § 2255 Motion to relitigate issues that were litigated on direct appeal. <u>United States v. DeRewal</u>, 10 F.3d 100, 105 n.4 (3d Cir. 1993). Here, contrary to Williams's suggestion, his counsel <u>did</u> argue both at sentencing and on direct appeal, just as Williams argues now, that it was error to consider his drug conviction to be a serious drug offense under the Armed Career Criminal Act. As the Third Circuit explained and concluded:

> We also do not believe that the district court erred in enhancing the defendant's sentence pursuant to the Armed Career Criminal Act based upon his prior conviction for a "serious drug offense." At sentencing, Williams argued that the records from the prior conviction did not establish that a prior conviction was for a "serious drug offense" as required under § 924(e)(2)(A) because the offense involved both marijuana and cocaine. Possession of marijuana with intent to distribute is punishable by a sentence up to 5 years imprisonment under Pennsylvania law whereas possession with intent to distribute cocaine is punishable by a sentence [of] up to 10 years imprisonment. <u>See</u> 35 Pa. Cons. Stat. Ann. § 780-113(a)(30), (f)(1.1), (2). However, Williams was sentenced to a period of incarceration of not less [than] 1 year nor more [than] 10 years on that charge. Given the 10 year maximum, the government clearly established by a preponderance of the evidence that his prior conviction subjected him to the Armed Career Criminal enhancement. Accordingly, the district court did not err in using that state court conviction under the Armed Career Criminal Act.

<u>Williams</u>, 290 F. App'x at 477.

A defendant may relitigate an issue that was adjudicated at his original sentencing and on direct appeal if there is "newly discovered evidence that could not reasonably have been presented at the original trial, a change in applicable law, incompetent prior representation by counsel, or other

circumstances indicating that an accused did not receive full and fair consideration of his federal constitutional and statutory claims . . . ." United States v. Palumbo, 608 F.2d 529, 533 (3d Cir. 1979) (footnotes omitted). However, Williams does not point to any newly discovered evidence or change in applicable law that would open the door to his relitigation of this sentencing issue on habeas review.

Moreover, although Williams frames his claim as one of ineffectiveness of counsel, he does not identify any argument that his prior counsel failed to make that could have changed the outcome on this sentencing issue. Indeed, Williams seems to argue that counsel should have, but did not, argue that his state drug conviction was not a serious drug offense under the statute, because it did not carry a maximum term of imprisonment of ten years or more. See 18 U.S.C. § 924(e)(2)(A)(ii) ("[T]he term 'serious drug offense' means . . . an offense under State law involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . , for which a maximum term of imprisonment of ten years or more is prescribed by law . . . ."). However, the very document on which he relies in support of this assertion clearly states that he was sentenced to "not less than one (1) year nor more than ten (10) years" in the State Correctional Institution for the offense. (A. 605). Accordingly, it is plain that Williams's counsel could not have made a meritorious argument that his drug conviction was not punishable by a term of imprisonment of ten years or more and, thus, was not a serious drug offense under the Armed Career Criminal Act. Williams has therefore failed to establish "incompetent prior representation by counsel" that would permit him to relitigate an issue that was already adjudicated both at his sentencing and on direct appeal.

## IV. CONCLUSION

For the foregoing reasons, we conclude that Williams is not entitled to the relief he seeks. We therefore deny Williams's § 2255 Motion in its entirety. An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova, J.

John R. Padova, J.